**Randy Wise BICE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–81–358–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 12, 1982.

Rehearing Denied Sept. 16, 1982.

James W. Patterson, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and PRICE, JJ.

PRICE, Justice.

This is an appeal from a conviction for driving while intoxicated, a misdemeanor. Trial was to a jury who found appellant guilty of the offense as charged and assessed the punishment of appellant at sixty days confinement in jail, probated for two years and a fine of $250.00. Appellant asserts primarily three grounds of error. We affirm.

The appellant contends in ground of error number one that the trial court erred in admitting into evidence the appellant's post arrest silence. The complained of testimony took place during the direct examination of the arresting officer by the State and transpired as follows:

Q And where did you take her once you arrived at 61 Reisner?

A I took her to the second floor of the Accident Division.

Q And once you arrived there, what did you do?

A I then took her back to the D.W.I. room where we do our reports and set her down in a chair while I interviewed her.

Q How long did this interview last?

A Approximately two hours.

Q Was that interview completed?

A No, it was not.

Q Why was it not completed?

A She terminated it.

Defense Counsel: We object to anything gone into after the defendant was placed under arrest. We object to it, Your Honor.

The Court: Overruled on that respect right now. Limit it to what happened.

Appellant contends that the prosecutor's questions constitute a violation of his constitutional rights under the Due Process clause to the Fourteenth Amendment to the United States Constitution and cites *Doyle*

*v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), for this proposition.

■ We hold that appellant's objection was not timely made. Before appellant made any objection, the witness had stated he interviewed appellant in the D.W.I. room at the police station, and three additional questions and answers followed this inquiry. Two of these questions and answers related to whether the interview was completed and the reason it was not completed. The State's third question inquired how long the interview lasted. Furthermore, counsel for appellant did not object on the basis of appellant's right to remain silent which is the basis of appellant's point on appeal. Rather, counsel for appellant made only a general objection to anything gone into after appellant's being placed under arrest. "An objection must not only identify what is objected to but must set forth grounds for the objection." *Evans v. State,* 480 S.W.2d 387 (Tex.Cr.App.1972); *Hernandez v. State,* 599 S.W.2d 614, 617 (Tex.Cr.App. 1980). No question was made nor was any testimony elicited which touched on or violated appellant's earlier motion in limine relating to the alleged offer of chemical tests and appellant's refusal to submit to such tests.

■ The instant case is very similar to another driving while intoxicated case, *Girndt v. State,* 623 S.W.2d 930 (Tex.Cr. App.1981). In that case the police officer testified the defendant was taken to the interview room where the police fill out their reports. In *Girndt,* the police officer further testified that he used an interview questionaire asking the defendant to state certain things. The next two questions to the testifying officer posed by the State concerned whether the defendant was cooperative. It was during the answer to the second question, as to what extent the defendant was uncooperative, when the officer testified that the defendant refused to answer any more questions that an objection was interposed on the defendant's right to remain silent. In *Girndt,* the court held the objection was neither timely nor specific. In this case it was incumbent on appel-

lant's trial counsel to voice a timely and specific objection and not gamble on the witness's answer as was the situation in *Girndt.* Appellant's first ground of error is overruled.

■ In her second ground of error, appellant argues that the trial court erred in allowing the prosecutor to question the defendant about statements made while under arrest. The testimony complained of transpired during the cross-examination of appellant by the State's attorney and took place as follows:

Q Do you remember that officer asking you if you had anything to drink?

A I sure do.

Q What did you tell him?

Defense Counsel: Excuse me, Your Honor. We are going to object to that. This is not admissible. The court has ruled upon the conversation that he has gone into or gone on with the officer after she was placed under arrest. The testimony has been that she was under arrest at that time and we object to any further testimony in that regard.

The State: It would be our position this is the res gestae of the offense plus this is cross-examination.

The Court: For impeachment, overrule.

Q Isn't it true, Mrs. Bice, you told that officer that you had drank six beers out there?

Defense Counsel: Excuse me, Your Honor. I object to that. There has been no testimony as to that and therefore nothing to impeach.

The Court: Overruled, counsel.

Defense Counsel: Note our exception.

The Court: Yes, sir.

Q Isn't it true you told the officer out there at the scene you had drank six beers?

A No, I did not tell the officer I drank six beers.

Tex.Code Crim.Pro.Ann. art. 38.22 (Vernon 1979) permits impeachment of a testifying defendant by use of his oral statements, even though they may be made while in custody, under certain recognized excep-

tions. In *Girndt v. State, supra,* at 932, the court held:

> ... Art. 38.22, *supra,* generally prohibits the admissibility of an oral statement if it stems from custodial interrogation but an oral in-custody statement is not prohibited from being used at trial if it "has a bearing upon the credibility of the accused as a witness." Thus, such a statement becomes admissible *only if* the accused testifies at his trial. If the accused does not desire an oral custodial statement to be admitted for impeachment purposes, then he may prevent its admissibility by not testifying at his trial. If he does testify and he has made an oral statement that "has a bearing upon his credibility" e.g., one which conflicts with his testimony, then it becomes admissible for impeachment purposes even if made while in custody.

In the case at bar, the question answered by the appellant concerns an alleged statement made by appellant while in custody and such statement had a bearing on the credibility of the appellant as a witness. Appellant cites *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), but he did not claim at trial, nor does he claim on appeal, that these statements of appellant were involuntary or coerced. Appellant further asserts that the proper predicate, the showing of the State that appellant's *Miranda* rights had been given, must have been laid before her statement became admissible. In each of the cases relied upon by appellant for this proposition, *Presswood v. State,* 548 S.W.2d 398 (Tex.Cr.App.1977); *Alberti v. Estelle,* 524 F.2d 1265 (5th Cir. 1975); *Newberry v. State,* 552 S.W.2d 457 (Tex.Cr.App.1977), the statements complained of were admitted as direct evidence in the State's case in chief. In the instant case, the statement complained of was used to lay the predicate to impeach the appellant during cross-examination of the appellant. Appellant also relies upon *McBride v. State,* 506 S.W.2d 887 (Tex.Cr.App.1974), which appears to be expressly overruled by *Girndt v. State, supra,* at 933:

> ... appellant's ground of error that "The court erred in allowing the State of Tex-

as to use an oral statement made while appellant was under arrest in violation of Art. 38.22, C.C.P., in an effort to impeach appellant," is overruled. The amendatory changes enacted by the Legislature have effectively repealed *Butler* [*v. State,* 493 S.W.2d 190 (Tex.Cr.App.1973)], *supra,* and its progeny [i.e., *McBride v. State, supra*] and we so hold.

Further, in *Girndt v. State, supra,* the Court of Criminal Appeals stated that *Harris v. New York,* 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971) is applicable to Texas law. The Supreme Court in *Harris v. New York, supra,* permitted the use of prior conflicting statements for purposes of impeaching the defendant's credibility.

■ The question recited above as to whether appellant had told the officer she had six beers was one ordinarily designed to lay the predicate for impeachment. It was necessary for this predicate to be laid before her conflicting statement to the officer would be admissible. In *Girndt,* the predicate in a similar manner was laid before the officer was called to contradict and impeach the statement. The impeachment was completed in *Girndt* when the officer was recalled unlike the instant case wherein the officer was not later recalled to complete the impeachment. Accordingly, the question here is whether it is mandatory for the State to complete the impeachment in every case, and whether reversible error occurs if the State for any reason does not recall the officer to complete the impeachment.

Here, the appellant denied the statement, and there is no evidence of the falsity of her response. She was not impeached. Does the mere asking of the predicate question constitute reversible error? In the absence of a showing of bad faith on the part of the State, we do not believe it is mandatory for the State in every case to complete the impeachment to prove that the prior inconsistent statement was made by the defendant. There is no showing in this case that the State asked the question in bad faith either without knowledge of whether the statement had been made to the officer or with the knowledge that the statement

in fact had not been made to the officer. The State may have had a valid reason such as a trial tactical decision not to recall the officer to prove the inconsistent statement.

When a prior contradictory statement is used to impeach a witness and the witness denies making the prior contradictory statement, all the courts hold that the adverse party *may* prove that he did make such statement. 1 Ray, Texas Law Of Evidence § 695 (3rd ed. 1980); see also *Evans v. State,* 402 S.W.2d 756 (Tex.Cr.App.1966). In the instant case, while we do not wish to approve the State's attempted impeachment of the appellant, we cannot say that it was mandatory for the State to complete the impeachment process by proving that the prior inconsistent statement had in fact been made by the appellant, nor can we say the State's questioning was done in bad faith. Appellant's second ground of error is overruled.

■ Appellant's last three grounds of error allege that the State's final argument was improper. In ground of error number three, the appellant asserts that the trial court erred in permitting the State's attorney, in his final argument, to put the jury in the shoes of the victim of the crime alleged. The record reflects that during final argument the attorney for the State asked the following questions: "What would you have them do if Officer Busseo had been out there on Westheimer and observed these things? Wouldn't you want him to do his job? Wouldn't you want him to take her in before she ran through another red light that you or one of your relatives might have been driving through?" A similar situation was addressed by the Court of Criminal Appeals in *Strahan v. State,* 358 S.W.2d 626, 627 (Tex.Cr.App. 1962) and the Court that held the following argument by the State was a proper appeal for law enforcement:

"When you and your family are on these highways driving you can't help but sometimes wonder if some drunk driver is going to hit you, run over you and kill you."

While we recognize that the State's argument came perilously close to exceeding the boundaries of an appeal for a strict enforcement of the law, we cannot say it was improper in view of the Court of Criminal Appeal's holding in *Strahan v. State, supra. See also Rodgers v. State,* 328 S.W.2d 301 (Tex.Cr.App.1959). Appellant's third ground of error is overruled.

Appellant's fourth ground of error asserts that the trial court erred in failing to sustain appellant's objection to the State's final argument that the rendition of a not guilty verdict is in effect telling officers to refrain from doing their job. The record does not support this contention and in fact, shows that the objection was sustained as follows:

State: . . . I submit the State of Texas has sustained its burden of proving each and every element beyond a reasonable doubt. If you return a verdict of not guilty in this case, you are telling these officers not to do their job.

Defense Counsel: Excuse me, Your Honor. I will object to that.

The Court: Sustained.

Appellant's fourth ground of error is overruled.

■ Appellant maintains in ground of error number five that the trial court erred in failing to sustain appellant's objection to the State's final argument that the jury had to hold the appellant accountable for her mistakes. The prosecutor argued that the appellant should be held responsible and accountable for her actions, to which appellant objected and was overruled. However, the record reflects that a similar argument was made later and appellant did not object. No error is presented for review. *McMahon v. State,* 582 S.W.2d 786, 791 (Tex.Cr.App.1978). In addition, a much harsher argument was held to be comparable to others which have been held to be mere pleas for law enforcement in *Dabbs v. State,* 507 S.W.2d 567, 570 (Tex.Cr.App. 1974). In *Dabbs v. State, supra,* the court held that the State's argument to the jury that they should teach violators a lesson was not improper. Appellant's fifth ground of error is overruled.

The judgment of the trial court is affirmed.