Maurice ESPARZA, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 01–85–600–CR.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Jan. 29, 1987.

Peter W. Lewis, PhD Professor, South Texas College of Law, T. Donald Moran, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Roe Morris, Debbie Mantooth, Harris County Asst. Dist. Attys., Houston, for appellee.

Before DUGGAN, LEVY and HOYT, JJ.

## OPINION

DUGGAN, Justice.

A jury found appellant guilty of burglary of a habitation as an habitual offender, and assessed punishment at 99 years confinement. Appellant asserts nine points of error.

The trial court found that appellant was indigent and appointed counsel to represent him on April 8, 1985, two days after appellant's arrest. Appellant's appointed attorney was, thereafter, retained to represent appellant's co-defendant, who was appellant's fiancee. Appellant appeared with his attorney on April 8, May 14, and May 28, 1985. On May 28, 1985, the cause was set for "motions" on July 1st and for trial on July 15th. On June 18th, his attorney filed a discovery motion.

Appellant's first seven points of error concern appellant's *pro se* pretrial request that the court appoint new counsel to represent him. Appellant filed this motion on July 9, 1986, and it was heard on July 16th, immediately prior to trial.

In pertinent part, appellant's motion asked the court to appoint a different attorney because:

of his ineffectiveness and lack of concern for my right in the above cause and would show the court as follow [sic]:

### I

Defendant Counselor has been ineffective in preparation for trial proceeding scheduled for July 15, 1985, in that he has stated to my family as well as me . . . that the reason he needed more money was so that he could go out to the scene of the crime to take pictures and talk to neighbors about what happen, and he also stated that the Court would not pay him to do that.

. . . . .

The Court should appoint a new counsel to act on behalf of the Defendant in order that he be assured the reasonably effective assistance of counsel to which he is entitled.

When he presented his motion to the court on July 16th, appellant made the following statements on which he now relies:

Judge, I figured that we were going to have the money to hire a, you know, a free-world lawyer, but we are not. If you have read over the statement in, you know, of what I was complaining about when I talked to Mr. Goode several times, you know, and I feel that there is a conflict of interests in this case, and that's why I brought it to the court, you know, that you would go over the motion and maybe rule on it.

. . . .

Well, sir, it's just like when we spoke to Mr. Goode, I felt that, you know, he was a very honest man and, I don't know, it's just like I put here that he's not been working in the best of my interests. I feel that way about it. And I talk with him over about investigating the case, and we found out some different things between now and then. And I have asked him to check it out, to investigate the case, you know, and it was sometimes we couldn't get hold of him. And he stated at the time he was moving, you know, so I felt that maybe this thing, just like a lot of other times, I been sold out, you know, so-called in the court. And I spoke to Mr. Goode about that, and all. I'm asking sir for a fair trial.

Because the trial court neither removed appellant's appointed attorney nor questioned the attorney to determine whether he had made an investigation, appellant now contends that he was in fact deprived of the effective assistance of counsel. Appellant's contentions are based on the requirement that counsel make a prompt and thorough-going independent investigation of the facts of the case. *Ex parte Duffy*, 607 S.W.2d 507, 516–517 (Tex.Crim.App. 1980).

While urging that he was deprived of the effective assistance of counsel, appellant makes no showing of prejudice as required by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *Hernandez v. State*, 726 S.W.2d

53 (Tex.Crim.App.1986). Appellant claims that he need not meet the second prong of the *Strickland* test, i.e., a showing that counsel's deficient performance prejudiced the defense, because he brought this to the court's attention prior to trial, citing *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Although *Hill* quotes language from *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), that "when a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness," *Hill* nowhere eliminates the requirement that prejudice be shown whenever the accused alleges ineffective assistance prior to trial. This Court declines to eliminate that requirement.

■ Moreover, appellant never stated that his attorney did not investigate his case. His motion stated that the attorney asked for money in order to do so, and in his colloquy with the court, appellant stated that he asked the attorney to "check it out" and that "sometimes we couldn't get hold of him." Although the trial court could have made an independent inquiry, we find that appellant had an adequate opportunity to present whatever information he had to the court. Appellant is free to pursue his ineffectiveness claim on collateral review, where the facts surrounding trial counsel's representation may be developed at a hearing. *Hernandez,* at 57. Appellant's first two points of error are overruled.

In his next five points of error, appellant contends that he made the trial court aware of a conflict of interest caused by dual representation and that the trial court deprived him of the effective assistance of counsel because it failed: 1) to properly admonish him regarding the dangers of dual representation; 2) to hold a hearing to determine whether there was in fact a conflict; or 3) to appoint different counsel.

■ Appellant's argument is based on the long line of cases discussing the inherent danger in multiple representation. These cases establish that whenever a trial court improperly requires joint representation over timely objection, appellant need not show an actual conflict, that prejudice is assumed, and that reversal is automatic. *Holloway v. Arkansas,* 435 U.S. 475, 488–9, 98 S.Ct. 1173, 1180–1, 55 L.Ed.2d 426 (1978). The right to conflict-free joint representation may be waived only if there is a showing that: 1) the defendant is aware of the conflict of interest; 2) he realizes the consequences of continuing with such counsel; and 3) he is aware of his right to obtain other counsel. *Ex parte Prejean,* 625 S.W.2d 731, 733 (Tex.Crim.App.1981).

■ Appellant argues that he objected to dual representation and did not waive his right to conflict-free counsel. We do not agree. The record clearly shows that appellant's claim that there was a conflict of interest between himself and counsel was not based on inconsistent interests of the co-defendants. *Compare Lerma v. State,* 679 S.W.2d 488, 491 (Tex.Crim.App.1982) (where a pretrial continuance motion stated "That Defendant, LUPE LERMA, does not wish to be represented by the [named] attorney of record, ... and the fact that Defendant, LUPE LERMA, does not wish to be represented by [the named lawyer] ... will jeopardize the trial of this cause in that the Defendant, LUPE LERMA, might testify against Defendant, Sal Lerma, Jr.").

At the hearing on appellant's motion to dismiss counsel, he stated that "Judge, I figured that *we* were going to have the money to hire ... *a* free-world lawyer, but *we* are not." Later, after appellant's complaint regarding discovery was heard, his appointed attorney questioned both appellant and his co-defendant for the purpose of making a record "as far as any plea bargaining offers." During this proceeding, appellant made the following statements:

[Defense Attorney]: Mr. Esparza, when I first met you and introduced myself to you, you told me at that time that you wanted whoever was representing you to represent Simona Roma, isn't that correct?

A: No sir.

Q: Are you stating now that you believe that you would be better off if you and Simona Roma were tried separately?

A: No. We did agree on being tried together.

Q: It was your desire to be tried together, wasn't it, isn't that correct?

A: From the counseling I received from you?

Q: Yes, that's what I'm asking.

A: Yes.

Q: All right, and that's still your desire, isn't that correct?

A: Yes.

Q: And I explained to you the types of problems that could arise with one attorney representing two people, but after examining your strategy and what the defense of your case was going to be, it was your best judgment that what you wanted to do was proceed with one lawyer representing both of you, isn't that correct?

A: That's correct.

While this record might not be sufficient to meet the third prong of the *Prejean* test, which requires that the defendant be aware of his right to obtain other counsel, it does show that appellant was not complaining of a conflict because of dual representation. Rather, appellant's motion, his statements to the trial court, and his responses to his counsel demonstrate that appellant's claim of conflict was based on his contention that his appointed attorney failed to independently investigate the circumstances of the offense without payment. We find that the trial court had no reason to believe that there was a conflict of interest because of dual representation, and conclude that the trial court had no duty to make further inquiry under *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).

■ In order to obtain relief when there was no objection to multiple representation at trial, the appellant need not demonstrate prejudice, but he must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708. Appellant makes no such showing. Appellant had three prior burglary convictions and a prior felony theft conviction, all of which could have been used to impeach him had he testified at trial. His co-defendant had only one prior misdemeanor theft conviction, and she presented their entire defense at trial. She was the sole defense witness. On this record, we can conclude only that appellant benefitted from dual representation.

■ Where there is no objection at trial, no reason for the trial court to believe there are conflicting defenses, and no demonstration that counsel actively represented conflicting interests that adversely affected his legal representation of appellant, no admonishment by the court was required regarding the danger of joint representation. *Compare Amaya v. State*, 677 S.W.2d 159 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd) (where there were conflicting defenses).

Points of error three, four, five, six, and seven are overruled.

In his eighth and ninth points of error, appellant contends that the trial court erred in failing to declare a mistrial because of improper argument at each stage of the trial. At the guilt phase, the prosecutor argued:

First of all, you have heard the Judge charge you on two different offenses. Burglary of a habitation and criminal trespass. I know there was some questions on voir dire from some of you about what is criminal trespass.

Criminal trespass is a misdemeanor, and that is not what we are talking about here. Please don't think there is anything particular significant that this has been placed in the charge. The law requires that it be submitted to you for your consideration. But other than that, please don't place any significance on it. The important thing for you to consider during Mr. Goode's argument, and again during my argument and during your deliberation is burglary, burglary of a habitation, a first-degree felony. This is the evidence.

Later, at the punishment phase, the prosecutor argued:

You are all potential victims of people like Maurice Esparza and Simona Roma, and [sic] decide whether probation is punishment.

Appellant concedes that there was no objection to either argument but contends that no objection was necessary because they were so prejudicial. However, there were trial objections in the cases cited by appellant. *McClure v. State,* 544 S.W.2d 390, 393 (Tex.Crim.App.1976); *Livingston v. State,* 531 S.W.2d 821, 823 (Tex.Crim. App.1976); *Porter v. State,* 120 Tex.Crim. 414, 49 S.W.2d 767, 769 (1932); *Cannon v. State,* 84 Tex.Crim. 479, 208 S.W. 660, 662 (1919). *McClure* was reversed because at the guilt stage the prosecutor repeatedly argued the punishment issue.

In *Becerra v. State,* 652 S.W.2d 489, 492 (Tex.App.—Corpus Christi 1983, no pet.), cited by appellant, the defendant's conviction was actually affirmed, and the point of error objecting to the prosecutor's reference to the lesser included "misdemeanor" offenses was overruled because the prosecutor made no reference to the range of punishment assigned to felonies or misdemeanors. Similarly, in the instant cause, contrary to appellant's assertion, the prosecutor never referred to the range of punishment during the argument at the guilt stage.

The argument made at the punishment phase was not improper, but was a permissible plea for law enforcement. *Bice v. State,* 642 S.W.2d 263, 267 (Tex. App.—Houston [14th] 1982, no pet.). We also note that appellant was ineligible for probation.

Appellant's eighth and ninth points of error are overruled.

The judgment is affirmed.