Eugene ANDERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 46167.

Court of Criminal Appeals of Texas.

June 6, 1973.

Rehearing Denied June 27, 1973.

Frank H. Hunter, B. E. Schwartzbach, Jr., El Paso, for appellant.

Steve Simmons, Dist. Atty., David R. Rosado, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for felony theft; the punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., life imprisonment.

The sufficiency of the evidence is not challenged, but the appellant complains of the trial court's failure to grant him a mistrial because statements "supposedly"[1] written by him were read into evidence.

1. The co-defendant as a witness testified: "I guess that's his writing," referring to the appellant as the writer of the letters.

The prosecutor read into evidence, without objection, two letters written by the appellant to a co-defendant while both were in jail awaiting trial. The letters, which were intercepted and did not reach the co-defendant, contained instructions concerning the co-defendant's testimony to be given when he appeared as a witness at the trial of the appellant. Although they were read into evidence during the cross-examination of the co-defendant, the letters themselves were not admitted.

The failure to grant a motion for mistrial made after the witness had finished testifying was not error where no objection was made until after the letters had both been read into evidence and where there was no request that the jury be instructed to disregard the evidence. In the absence of a timely objection, nothing is presented for review. See Witt v. State, 475 S.W.2d 259 (Tex.Cr.App.1971); Jones v. State, 482 S.W.2d 634 (Tex.Cr.App.1972); Johnson v. State, 482 S.W.2d 199 (Tex.Cr.App. 1972); Gaines v. State, 479 S.W.2d 678 (Tex.Cr.App.1972) and Salas v. State, 486 S.W.2d 956 (Tex.Cr.App.1972). If a timely objection had been made, a different question would have been presented. See 1 Branch's Ann.P.C.2d 146, Sec. 140, et seq.

The second ground of error is that: "The evidence produced before the jury on the sentencing phase of the trial, violates the defendant's constitutional right."

The argument under this ground of error is that the evidence does not show that the appellant was represented by counsel throughout all stages of the proceedings in the cases which resulted in the convictions used for the purpose of enhancement of punishment. The judgments of conviction in both cases, introduced to prove the allegations of the prior convictions made for the purpose of enhancement of punishment, recite that the appellant was represented by counsel. This is sufficient to sustain the State's burden under the record before us where no issue concerning representation by counsel was raised in the trial court. Cf. Clark v. State, 424 S.W.2d 445 (Tex.Cr.App.1968). This ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.