**Ernest Charles SMITH, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–106–CR.**

Court of Appeals of Texas,
Fort Worth.

April 21, 1982.

James M. Stanley, Fort Worth, Norman J. Hoppenstein, Waco, of counsel, for appellant.

Tim Curry, Dist. Atty., and James J. Heinemann, Asst. Dist. Atty., Fort Worth, for appellees.

Before HUGHES, HOLMAN and BROWN, JJ.

OPINION

HUGHES, Justice.

Appellant, Ernest Charles Smith, was convicted of aggravated robbery. The jury assessed his punishment at twenty-five years confinement in the Texas Department of Corrections.

We affirm.

Appellant first attacks the action of the trial court in allowing the State, over objection, to ask him about an oral state-

ment he had allegedly made to an investigator.

Appellant had taken the stand to testify that he was home on the date of the offense. On cross-examination he was asked about whether he had told an investigator by the name of Whisenhunt that he was at work on the date of the offense. Appellant's counsel's objection to the question was overruled and upon repetition of the question, appellant denied having made such a statement.

Thereafter appellant called Whisenhunt as a witness. He testified that he had had a conversation with appellant at the police station shortly after his arrest, although he himself had not made the arrest. On cross-examination he testified that appellant had told him that he was at work on the date of the offense.

Certainly the statements are inconsistent and would bear on the credibility of appellant as a witness, especially since the appellant's defense was one of mistaken identity. V.A.C.C.P. art. 38.22(5) (1979) provides:

Sec. 5. Nothing in this article precludes the admission of a statement made by the accused in open court at his trial, before a grand jury, or at an examining trial in compliance with Articles 16.03 and 16.04 of this code, or of a statement that is the res gestae of the arrest or of the offense, or of a statement that does not stem from custodial interrogation, or of a voluntary statement, whether or not the result of custodial interrogation, that has a bearing upon the credibility of the accused as a witness, or of any other statement that may be admissible under law.

Appellant's brief concentrates on the apparent inconsistency between Sections 3 and 5 of Article 38.22. In its pertinent part, Section 3 reads as follows:

Sec. 3. (a) No oral or sign language statement of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding unless:

(1) an electronic recording, which may include motion picture, video tape, or other visual recording, is made of the statement.

The Texas Court of Criminal Appeals recently addressed a situation similar to that of this case in *Girndt v. State*, 623 S.W.2d 930 (Tex.Cr.App.1981). In *Girndt* the accused had taken the witness stand and denied having made an oral statement to the effect that he did not think he was weaving that much on the road. In rebuttal an officer testified that the accused had made the oral statement. The accused's defense was that he was not driving at all.

On appeal, the accused in *Girndt* evidently relied heavily on Section 3 and the fact that the prior inconsistent oral statement was not electronically recorded. Without stating a reason, the court ruled that Section 3 was inapplicable to the facts of that case and held that Section 5 was controlling. It is possible that Section 3 was ruled not to have been applicable because the accused in *Girndt* was not being subjected to custodial interrogation at the time he made the statement. The statement in *Girndt* was made while the accused was being driven to jail. However, the provisions of Section 5 refer to voluntary statements "whether or not the result or custodial interrogation". No question of voluntariness has been raised here.

Inasmuch as the facts of this case are very similar to those in *Girndt*, we overrule appellant's ground of error relating to the prior oral statement allegedly made by the appellant. We decline to reconcile the apparent inconsistency between Sections 3 and 5. See: Bubany, *The Texas Confession Statute*: Some New Wine in the Same Old Bottle, 10 TEX.TECH L.REV. 67 (1978) for a discussion of this topic.

■ Appellant's second ground of error is that the trial court erred in overruling appellant's motion for mistrial which was founded upon an allegedly prejudicial statement made by one of the prospective jurors in the presence of the other prospective jurors.

In the indictment it was alleged that appellant caused serious bodily injury to

Norene Titus by striking her with an automobile.

During voir dire one of the prospective jurors stated that he knew of Mrs. Titus from a time when he worked for the Corps of Engineer and Mrs. Titus worked in the credit union. This complained of statement was made by the prospective juror: "Yeah, and she had a real good name down there, so that's the reason I knew her, you see".

Appellant complains that the effect of this statement upon the jury was such as to have denied the appellant a fair trial. It should be noted that appellant only made a motion for mistrial. His motion that the juror be struck for cause was granted. He did not move that the prospective jurors be instructed to disregard the statement.

This is clearly a situation where an instruction to the jury to disregard the statement could have cured any effect upon the minds of the jurors. Appellant's failure to request an instruction constituted a waiver. See: *Duran v. State*, 505 S.W.2d 863 (Tex. Cr.App.1974). We overrule the second ground of error.

The judgment of the trial court is affirmed.