**Woodard Dupont ROBERTS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–83–018–CR.**

Court of Appeals of Texas, Texarkana.

Nov. 1, 1983.

___

Douglas Weitzel, Harry P. Heard, Longview, for appellant.

R. Clement Dunn, Asst. Dist. Atty., Longview, for appellee.

BLEIL, Justice.

Woodard Roberts appeals his conviction, upon a plea of guilty, to a subsequent offense of driving while intoxicated. Roberts urges that the trial court erred in placing an arbitrary time limit on the voir dire examination. We disagree and affirm.

We determine whether the trial court abused its discretion in imposing a thirty minute time limitation by ascertaining whether a defendant is prevented from asking questions which allow him to exercise his peremptory challenges intelligently. Roberts failed to show that he was prevented from asking questions which would allow him to more intelligently exercise his peremptory challenges. He shows no harm and under the circumstances, which include his plea of guilty, we find the voir dire limitation reasonable. The conduct of voir dire examination rests within the sound discretion of the trial court and only an abuse of discretion results in reversal on appeal. *Whitaker v. State*, 653 S.W.2d 781 (Tex.Cr.App.1983); *Clark v.*

*State*, 608 S.W.2d 667 (Tex.Cr.App.1980). Reasonable restrictions may be imposed by the trial court on the exercise of voir dire examination. However, an abuse of discretion can occur when a proper question about a proper area of inquiry is prohibited. *Mathis v. State*, 576 S.W.2d 835 (Tex.Cr.App.1979). We find no abuse of discretion.

We hold that the trial court properly exercised its discretion for an additional reason. Roberts' objection came after the voir dire was concluded, the jury panel was placed in recess, and the jury lists were struck. Because the objection was untimely it could have been overruled on that basis alone. *See Girndt v. State*, 623 S.W.2d 930 (Tex.Cr.App.1981).

We affirm the judgment.