NO.
12-02-00233-CR

 

                     IN THE COURT OF APPEALS 

 

          TWELFTH
COURT OF APPEALS DISTRICT

 

                                TYLER, TEXAS

ALDNEY
EDWARD CLARK, JR.,                '                 APPEAL
FROM THE 2ND

APPELLANT

 

V.                                                                         '                 JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE                                                       '                 CHEROKEE
COUNTY, TEXAS

                                                                                                                                      
                     

                                                      MEMORANDUM
OPINION

A
jury convicted Appellant Aldney Edward Clark, Jr. (AAppellant@) of murder and assessed his
punishment at imprisonment for life and a $10,000 fine.  In three issues on appeal, Appellant contends
that the trial court abused its discretion in admitting an audiotape of his
statement into evidence and in admitting testimony of an extraneous offense.  We affirm.

 

                                                                Background

On
April 7, 1986, a home health care worker entered the residence of Martha Ezell
and found Ms. Ezell dead from multiple gunshot wounds.  Approximately fifteen years later, Appellant
was indicted for capital murder in the death. 
The indictment alleged that Appellant caused the victim=s death by shooting her with a firearm,
and that Appellant caused the death while he was in the course of committing or
attempting to commit the offense of burglary, robbery, and/or aggravated sexual
assault.  The indictment also included an
enhancement count, which was subsequently abandoned.

Appellant
pleaded Anot
guilty@ and the
matter proceeded to a jury trial.  The
jury found Appellant guilty of murder and assessed his punishment at
imprisonment for life and a $10,000 fine. 
This appeal followed.








                                                    Right to Remain Silent

In
his first issue, Appellant contends that the trial court abused its discretion
in admitting State=s Exhibit
81, which is the audiotape of an interview with Appellant conducted by Randy
Hatch (AHatch@), District Attorney Investigator for
Cherokee County.  Appellant argues that
the audiotape is inadmissible because the interrogating officer failed to
terminate or interrupt the interview upon Appellant=s
request to make a phone call to his father. 
Therefore, Appellant contends, Hatch violated his right to remain
silent.

The
Supreme Court has held that unless an invocation of the right to counsel is
unambiguous, an interrogating officer is not required to terminate a custodial
interrogation.  See Davis v. United
States, 512 U.S. 452, 459, 114 S. Ct. 2350, 2355, 129 L. Ed. 2d 362
(1994).  In other words, if a suspect
makes a reference to the right to counsel that is ambiguous or equivocal, the
officer is not required to discontinue questioning.  Id. 
The court of criminal appeals has applied this same rule where a
defendant contends the right to remain silent was invoked.  See Dowthitt v. State, 931
S.W.2d 244, 257 (Tex. Crim. App. 1996). 
Furthermore, an officer is not required to clarify ambiguous remarks
before continuing the questioning.  Id.


In
the case at hand, Hatch warned Appellant of his rights, including his right to
remain silent, prior to beginning the interview.  Appellant acknowledged that he understood his
rights, that he waived them, and that he wished to speak to Hatch.  Early in the interview, the following
exchange occurred:

 

HATCH:                Is there anybody that you know that would vouch for
you and say there is no way Al could have [killed Martha Ezell]?

 

APPELLANT:       Just
my daddy right now since my mama=s gone.

 

HATCH:                You said you wanted to place a phone call to your
dad?

 

APPELLANT:       Yes,
sir, I would like to.

 

HATCH:                We
will do that here in just a second.

 

APPELLANT:       See if he is home.  My sister, she could probably tell you
because she=s living in Arkansas.

 

HATCH:                We will let you make that phone call here in a
second.  Is that agreeable?

 








APPELLANT:       Yes,
sir.

 

In
this exchange, we note that Hatch, not Appellant, broached the subject of the
telephone call.  After Appellant agreed
to delay the call, neither Appellant nor Hatch made any other reference to it.  Appellant made no attempt to postpone or
discontinue the interview and never stated, expressly or impliedly, that he did
not want to answer questions.  To the
contrary, he answered all of Hatch=s
questions without hesitation.  Under
these circumstances, we cannot conclude that Appellant attempted to invoke his
right to remain silent.  Cf. Dowthitt,
931 S.W.2d at 257 (right to remain silent not invoked by comment that AI can=t
say more than that.  I need to rest.@). 
Appellant=s first
issue is overruled.

 

                                                       Hearsay Statements

In
his second issue, Appellant asserts that the trial court abused its discretion
in admitting the audiotape of Hatch=s
interview with Appellant because the tape contains hearsay statements
concerning Appellant=s
alleged involvement in the murder.  The
State contends the statements were not offered for the truth of the matter
asserted and therefore are not hearsay.

Hearsay
is a statement, other than one made by the declarant while testifying at the
trial or hearing, offered in evidence to prove the truth of the matter
asserted.  Tex. R. Evid. 801(d). 
Conversely, a statement not offered for the truth of the matter asserted
is not hearsay.  See id.  A trial court=s
ruling on a hearsay objection will be upheld, absent an abuse of
discretion.  See Coffin v.
State, 885 S.W.2d 140, 149 (Tex. Crim. App. 1994).

At
trial, Appellant lodged a hearsay objection to Hatch=s
statements on the audiotape that Glen Wilbanks, a participant in the murder,
had said Appellant was also involved. 
The trial court overruled Appellant=s
objection on the ground that the statements were not hearsay because they were
offered, not for the truth of the matter asserted, but to show why the
investigation focused on Appellant. 
Prior to playing the tape for the jury, the trial court gave the
following instruction:

 

I am instructing you right now that you are not to
consider those statements that a third person made for any reason other than
why the investigation was focusing on [Appellant] at that time.  In other words, you=re not to consider those statements to be true or to
be proof of anything other than why law enforcement was focusing their
investigation on [Appellant] at that time.

 








A similar
instruction was included in the jury charge.

A
statement showing why the investigation focused on a particular individual is
not hearsay if, as here, it is not offered for the truth of the matter
asserted.  E.g., Cano v. State,
3 S.W.3d 99, 110 (Tex. App.CCorpus
Christi 1999, pet. ref=d);
Cormier v. State, 955 S.W.2d 161, 162 (Tex. App.CAustin 1997, no pet.).  Therefore, the trial court did not abuse its
discretion in overruling Appellant=s
hearsay objection.  Appellant=s second issue is overruled.

 

                                                       Extraneous Offense

In
his third issue, Appellant contends that the trial court abused its discretion
when it allowed witness Sandra Wells (AWells@) to testify that Clark had threatened
her children.  The State contends, in
part, that Appellant waived this issue by failing to make a timely
objection.  We agree.

To preserve a complaint for appellate review, the record
must show that the complaint was made to the trial court by a timely and
specific objection.  Tex. R. App. P. 33.1(a)(1)(A).  To be timely, an objection must be raised Aat the earliest opportunity,@ or Aas soon as the ground of objection becomes apparent.@  Johnson v.
State, 803 S.W.2d 272, 291 (Tex. Crim. App. 1990) (citations
omitted).  AUsually, in the taking of testimony of a witness[,] an
objection is apparent as soon as the question is asked, since the question is
likely to indicate that it calls for inadmissible evidence.  Then
counsel must, if opportunity afford, state his objection before the witness
answers.@  Girndt v.
State, 623 S.W.2d 930, 935 (Tex. Crim. App. 1981) (citing McCormick on
Evidence ' 52 (1972 ed.)). 

In
the case at hand, the State called Wells to testify about events that occurred in
the home of the victim on the day of the murder.  During direct examination, the following
exchange occurred:

 

PROSECUTOR:    At any time during that period did B were you threatened?

 

WELLS: Yeah.

 

PROSECUTOR:    Who threatened you?

 

WELLS: Pretty much everybody.  They
just told me to keep my mouth shut or they would kill my kids.

 

PROSECUTOR:    Keep your mouth shut or what?

 








WELLS: Or they would kill my kids.

 

PROSECUTOR:    Who specifically told you that?

 

WELLS: Al [Appellant]. 
Floyd . . . 

 

 

 

On
redirect, the prosecutor asked Wells if Appellant ever made specific threats
against her children.  Wells answered, AYes, sir,@
and defense counsel objected Ato
the extraneous offense.@  However, the State
had already elicited the same testimony during direct examination.  Therefore, the objection was untimely and did
not preserve the issue for our review.  See
Girndt, 623 S.W.2d at 935. 
Appellant=s third issue is overruled.

 

                                                                 Conclusion

Having
overruled Appellant=s first,
second, and third issues, the judgment of the trial court is affirmed.

 

 

 

  
 SAM GRIFFITH   

   Justice

 

 

Opinion
delivered May 5, 2004.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

                                                             (DO
NOT PUBLISH)