EDWARDS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-204-CR

ANTHONY WAYNE EDWARDS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 6 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

A jury convicted Anthony Wayne Edwards of driving while intoxicated, and the court assessed punishment at twenty days’ confinement and a $750 fine.  In one point, Edwards complains that the trial court abused its discretion in admitting evidence of unopened beer cans.  We affirm.

II.  Background

On May 17, 2003, Officer Christopher Fegley stopped Edwards for speeding on North Collins Street in Arlington, Texas.  Fegley detected an odor of alcohol on Edwards’s breath, and Edwards
 admitted to Fegley that he had consumed a couple glasses of wine.  Fegley called Officer John Shepherd for assistance and together they administered standard field sobriety tests to Edwards, including the HGN test, walk-and-turn test, and one-leg stand test. Based on their observations, the officers determined that Edwards was intoxicated and arrested him. 

After the arrest, Shepherd performed an inventory search of Edwards’s car.  He found a plastic ring in the passenger compartment, which looked to have contained cans, and an unopened six pack of beer in the back seat. 

During trial, Shepherd testified to finding the plastic ring in the passenger compartment and the unopened six pack of beer in the back seat.  When asked, Shepherd stated that he had taken pictures of the passenger compartment and described what the pictures depicted.  The pictures were tendered to defense counsel, at which point he asked for a running objection, claiming the pictures were only intended to “inflame the minds of the jury.”  This was counsel’s first objection at trial to the evidence of the unopened beer cans.  The court admitted the evidence.  Edwards now appeals his conviction, claiming that the court abused its discretion. 

III.  Preservation of Error

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

An objection must normally precede the testimony. 
Polk v. State
, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987). 
 But an objection made after the witness answered may be sufficient to preserve error if there was a good reason for not objecting earlier.  
See Dinkins v. State
, 894 S.W.2d 330, 355 (Tex. Crim. App.), 
cert. denied
, 516 U.S. 832 (1995); 
see also Girndt v. State
, 623 S.W.2d 930, 934-35 (Tex. Crim. App. [Panel Op.] 1981) (noting that lateness may be excused if witness answers question before attorney can object or a showing is made that counsel misunderstood the question when asked).

The State has argued that the objection was not timely, thus not properly preserved.  We agree; counsel first objected to the evidence of the unopened beer cans when the State tendered photographs to counsel, after Shepherd had already testified to seeing the unopened beer cans. 

The nature of the questioning leading up to Shepherd’s testimony
 was obvious, and even assuming counsel was unable to object before Shepherd answered, counsel had ample time to object during the questioning that preceded the tendered pictures.  Additionally, the objection was not specific as to the oral testimony or the pictures.  Even if the objection was intended to encompass both the testimony and the pictures, the objection to the testimony was not timely.  Accordingly, we overrule Edwards’s sole point. 

IV.  Conclusion

Having overruled Edwards’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: MCCOY, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: February 16, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.