COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-05-204-CR

 

 

ANTHONY WAYNE EDWARDS                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 6 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction

A jury convicted Anthony
Wayne Edwards of driving while intoxicated, and the court assessed punishment
at twenty days= confinement
and a $750 fine.  In one point, Edwards
complains that the trial court abused its discretion in admitting evidence of
unopened beer cans.  We affirm.








II.  Background

On May 17, 2003, Officer
Christopher Fegley stopped Edwards for speeding on North Collins Street in
Arlington, Texas.  Fegley detected an
odor of alcohol on Edwards=s breath, and Edwards admitted to Fegley that he had consumed a couple
glasses of wine.  Fegley called Officer
John Shepherd for assistance and together they administered standard field
sobriety tests to Edwards, including the HGN test, walk-and-turn test, and
one-leg stand test. Based on their observations, the officers determined that
Edwards was intoxicated and arrested him. 

After the arrest, Shepherd
performed an inventory search of Edwards=s car.  He found a plastic ring
in the passenger compartment, which looked to have contained cans, and an
unopened six pack of beer in the back seat. 








During trial, Shepherd
testified to finding the plastic ring in the passenger compartment and the
unopened six pack of beer in the back seat. 
When asked, Shepherd stated that he had taken pictures of the passenger
compartment and described what the pictures depicted.  The pictures were tendered to defense
counsel, at which point he asked for a running objection, claiming the pictures
were only intended to Ainflame the
minds of the jury.@  This was counsel=s first objection at trial to the evidence of the unopened beer
cans.  The court admitted the
evidence.  Edwards now appeals his
conviction, claiming that the court abused its discretion. 

III.  Preservation of
Error

To preserve a complaint for our review, a party must have
presented to the trial court a timely request, objection, or motion that states
the specific grounds for the desired ruling if they are not apparent from the
context of the request, objection, or motion. 
Tex. R. App. P.
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998)
(op. on reh=g), cert. denied, 526 U.S. 1070
(1999).  Further, the trial court must
have ruled on the request, objection, or motion, either expressly or implicitly,
or the complaining party must have objected to the trial court=s refusal to
rule.  Tex.
R. App. P. 33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex.
Crim. App. 2004).








An objection must normally precede the testimony. Polk
v. State, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987).  But an objection made after the witness
answered may be sufficient to preserve error if there was a good reason for not
objecting earlier.  See Dinkins v.
State, 894 S.W.2d 330, 355 (Tex. Crim. App.), cert. denied, 516 U.S.
832 (1995); see also Girndt v. State, 623 S.W.2d 930, 934-35 (Tex. Crim.
App. [Panel Op.] 1981) (noting that lateness may be excused if witness answers
question before attorney can object or a showing is made that counsel
misunderstood the question when asked).

The State has argued that the objection was not timely,
thus not properly preserved.  We agree;
counsel first objected to the evidence of the unopened beer cans when the State
tendered photographs to counsel, after Shepherd had already testified to seeing
the unopened beer cans. 

The nature of the questioning leading up to Shepherd=s testimony was
obvious, and even assuming counsel was unable to object before Shepherd
answered, counsel had ample time to object during the questioning that preceded
the tendered pictures.  Additionally, the
objection was not specific as to the oral testimony or the pictures.  Even if the objection was intended to
encompass both the testimony and the pictures, the objection to the testimony
was not timely.  Accordingly, we overrule
Edwards=s sole point. 

IV.  Conclusion

Having overruled Edwards=s sole point, we
affirm the trial court=s judgment.

PER CURIAM

 

PANEL F:    MCCOY, LIVINGSTON, and DAUPHINOT, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 








DELIVERED:
February 16, 2006











[1]See Tex. R. App. P. 47.4.