COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

NO. 2-06-050-CR

NO. 2-06-051-CR

 

 

RALPH MICHAEL MERITO                                                     APPELLANT

 

                                                   V.

 

THE STATE
OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 213TH DISTRICT COURT OF
TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

------------

 

I.  Introduction








Appellant Ralph Michael Merito pleaded guilty to
three counts of indecency with a child by contact.  A jury assessed his punishment at twenty
years=
confinement on one count and ten years=
confinement on each of the two remaining counts.  The trial court ordered that the two ten-year
sentences run concurrently, beginning only upon completion of the twenty-year
sentence.  In two issues, Merito contends
that the trial court erred by admitting punishment evidence concerning a prior
unrelated Child Protective Services (ACPS@)
investigation and testimony from a probation officer who he alleges was not
qualified as an expert.  Because Merito
forfeited his first issue, and because the trial court did not abuse its
discretion by admitting the probation officer=s
testimony, assuming that issue was preserved for appeal, we will affirm.

II.  Factual and Procedural History

The Tarrant County grand jury returned two
indictments against Merito.  The first
indictment charged Merito with two counts of aggravated sexual assault of a
child, V.M., and two counts of indecency with V.M. by contact.   The second indictment charged Merito with
one count of aggravated sexual assault of a child, S.M., and two counts of
indecency with S.M. by contact.  Both of
the victims were Merito=s younger female cousins.  In exchange for Merito=s guilty
plea, the State waived three counts of aggravated sexual assault  and one count of indecency with a child and
proceeded on the three remaining counts of indecency with a child by
contact.  Merito pleaded guilty to all
three indecency counts, and the combined trial on both indictments proceeded to
the punishment phase. 








At the punishment phase, the jury heard testimony
from Merito, the two victims, another female cousin of Merito named C.M., a
probation officer, and others.  The
State, during its cross-examination of both Merito and C.M.,  inquired about a prior unrelated CPS
investigation regarding alleged abuse by Merito.  Merito lodged an objection to the State=s
initial question about the investigation, and the court overruled it.  But Merito did not reassert his objection or
obtain a running objection to the State=s
subsequent questions regarding the investigation.[2]  








At the end of the punishment phase, Merito called
probation officer Deana Markham as a rebuttal witness.  The State, during its cross-examination of
Markham, asked whether it was better for a sex offender to receive treatment in
prison or on probation.  Merito
immediately objected, but not to Markham=s
qualification as an expert authorized to give such an answer.  Only after the jury heard Markham=s
answers and after the State posed another question did Merito object to Markham=s Alack of
expertise.@ 
After hearing all the evidence and judging the credibility of the
witnesses, the jury assessed Merito=s
punishment at twenty years=
confinement on one count and ten years=
confinement on each of the two remaining counts.  The judge ordered that Merito serve the
twenty-year sentence first, followed by the two ten-year sentences to be served
concurrently.  Merito timely filed his
notice of appeal.

III.  Admission of Evidence

In two issues, Merito contends that the trial
court erred by admitting evidence of the prior unrelated CPS investigation and
testimony from an allegedly unqualified expert witness.

A.  Preserving a Complaint for
Review








To preserve a complaint for our review, a party must have
presented to the trial court a timely request, objection, or motion that states
the specific grounds for the desired ruling if they are not apparent from the
context of the request, objection, or motion. 
Tex. R. App. P.
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998)
(op. on reh=g), cert. denied, 526 U.S. 1070
(1999).  But an objection
preserves only the specific ground cited. 
Tex. R. App. P.
33.1(a)(1)(A); Mosley, 983 S.W.2d at 265; Bell v. State, 938
S.W.2d 35, 54 (Tex. Crim. App. 1996), cert. denied, 522 U.S. 827 (1997);
see also Fierro v. State, 706 S.W.2d 310, 317-18 (Tex. Crim. App. 1986)
(holding that general objection is insufficient to apprise trial court of
complaint urged and thus preserves nothing for review), cert. denied,
521 U.S. 1122 (1997).  A motion in limine
will not, by itself, preserve a complaint for appellate review.  See Martinez v. State, 98 S.W.3d 189,
193 (Tex. Crim. App. 2003).

A timely objection is one that normally precedes the
objectionable testimony.  Polk v.
State, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987).  But an objection made after the witness has
answered may be sufficient to preserve error if there was a good reason for not
objecting earlier.  See Dinkins v.
State, 894 S.W.2d 330, 355 (Tex. Crim. App.), cert. denied, 516 U.S.
832 (1995); see also Girndt v. State, 623 S.W.2d 930, 934-35 (Tex. Crim.
App. [Panel Op.] 1981) (noting that lateness may be excused if witness answers
question before attorney can object or a showing is made that counsel
misunderstood the question when asked).








An initial objection does not, however, relieve a party=s responsibility
in preserving complaints for appellate review. 
Texas law is clear in its requirement that a party must continuously
object each time inadmissible evidence is offered, with two exceptions.  See Martinez, 98 S.W.3d at 193; Ethington,
819 S.W.2d at 858.  A party need not continuously
object where it either obtains a running objection or requests a hearing
outside the presence of the jury.  See
Martinez, 98 S.W.3d at 193.  But one
objection, without a requested running objection or a hearing outside the
presence of the jury, is insufficient to preserve an issue for appellate review
where further evidence on the same subject comes in without objection.  See id.; Montgomery v. State,
198 S.W.3d 67, 81 (Tex. App.CFort
Worth 2006, pet. ref=d).  

B.  The Prior Unrelated CPS
Investigation

In his first issue, Merito contends that the
trial court erred by admitting the testimony about the prior unrelated CPS
investigation over his objections that it was irrelevant and an extraneous
offense, and that the prejudicial nature of the questioning outweighed any
probative value.  The State argues that
Merito failed to preserve this alleged error for appellate review because he
failed to object to the State=s
subsequent questions concerning the investigation.

The jury heard the disputed testimony at the
punishment phase.  The testimony involved
a prior CPS investigation of Merito=s
ten-year-old cousin, C.M.  The State
asked Merito on cross-examination whether he had been involved with this type
of investigation before.  Merito=s
counsel raised immediate objections to the question, which the trial court
overruled.  But in the very next
question, and several times thereafter while cross-examining Merito and C.M.,
the State continued to inquire about the prior unrelated CPS investigation.








After the trial court overruled Merito=s
objections, a request for running objections or a hearing on the issue outside
the presence of the jury would have preserved this alleged error for review by
this court.  See Martinez, 98
S.W.3d at 193.  The absence of these
requests and the lack of continuous objections to the State=s
subsequent inquiries about the prior unrelated investigation, however, forfeit
the issue on appeal.  See id.; Montgomery,
198 S.W.3d at 81.  Accordingly, we
overrule Merito=s first issue.

C.  Probation Officer=s
Testimony on Treatment

In his second issue, Merito contends that the
trial court erred by admitting certain testimony from probation officer Deana
Markham, whom Merito argues was not properly qualified as an expert.  The State argues that Merito failed to
preserve this issue for appellate review and that, even if he did preserve the
issue for review, probation officers may testify to an offender=s
suitability for probation in light of Ellison v. State, 201 S.W.3d 714,
722-23 (Tex. Crim. App. 2006).  

At trial, Merito called Tarrant County probation
officer Deana Markham as a rebuttal witness. 
Markham testified that she had five and one-half years of service as a
probation officer for Tarrant County. 
She testified that she is familiar with the typical terms and conditions
of probation and has supervised numerous people on probation.  On cross-examination, the State elicited
testimony regarding Merito=s
suitability for probation as follows:

 








Q:
Ms. Markham, are you aware that they have treatment in prison?

 

A:
Yes, they do.

 

Q: If
you had a choice between probation and prison, what is the best way to ensure
somebody gets treatment while denying access to children.

 

[MERITO=S COUNSEL]:  Judge, I object.  First off, it is not relevant and invades the
province of the jury.

 

THE
COURT:  Overruled.

 

THE
WITNESS:  I think in order for someone to
do treatment and have the best results they should be away from what they are
addicted to, which would mean typically some type of inpatient treatment.

 

Q: If
an individual does not believe that they have a problem, treatment is B

 

[MERITO=S COUNSEL]:  Objection. 
Speculation, lack of expertise.

 

THE
COURT: Overruled.  

 

A:
Typically not.

 

Merito contends that the trial court erred
by admitting this testimony because Markham provided expert testimony that she
was not qualified to give.  

1. 
Delinquent Objection








Merito=s trial objections
to the question regarding the best place for treatment were on grounds of
relevance and invading the province of the jury.  On appeal, however, Merito complains that
Markham=s
subsequent answer to that question was inadmissible because Markham was not
qualified as an expert.  Because Merito
failed to object to Markham=s
expertise or lack thereof with regard to this question, the trial court did not
have an opportunity to assess this complaint, and Merito=s
objections to the complained-of question and answer preserved only the asserted
complaintsCrelevance and invading the
province of the jury.  See Tex. R. App. P. 33.1(a)(1)(A); Mosley,
983 S.W.2d at 265.  Merito
does not advance these complaints on appeal.

Merito did, however, object to Markham=s lack
of expertise after the next question. 
But an objection made after the witness answers does not preserve error
for appellate review unless there is good reason for the late objection.  See Dinkins, 894 S.W.2d at
355.  Our examination of the record
reveals no reason for the late objection to Markham=s lack
of expertise, nor does the record indicate that Markham answered the question
before an objection was possible.  See
Girndt, 623 S.W.2d at 934-35.  

2. 
Trial Court=s Discretion








Notwithstanding any preservation issues, the
record reflects no abuse of discretion by the trial court in admitting Markham=s
testimony.  The admissibility of evidence
is within the discretion of the trial court and will not be overturned absent
an abuse of discretion.  Moses v.
State, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003); Soto v. State,
156 S.W.3d 131, 134 (Tex. App.CFort
Worth 2005, pet. ref=d).  That is to say, as long as the trial court=s ruling
was within the zone of reasonable disagreement, the appellate court should
affirm.  Moses, 105 S.W.3d at 627;
see also Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991)
(op. on reh=g); Karnes v. State, 127
S.W.3d 184, 189 (Tex. App.CFort
Worth 2003, no pet.). 

Rule 702 states, AIf
scientific, technical, or other specialized knowledge will assist the trier of
fact to understand the evidence or to determine a fact in issue, a witness
qualified as an expert by knowledge, skill, experience, training, or education
may testify thereto in the form of an opinion or otherwise.@  Tex.
R. Evid. 702.  The question of
whether a witness offered as an expert possesses the required qualifications
rests largely in the trial court=s
discretion.  Wyatt v. State, 23
S.W.3d 18, 27 (Tex. Crim. App. 2000).  No
rigid formula exists for determining whether a particular witness is qualified
to testify as an expert.  Harnett v.
State, 38 S.W.3d 650, 658 (Tex. App.CAustin
2000, pet. ref=d).  But the Court of Criminal Appeals has held
that a witness may qualify as an expert based upon her superior experiential
capacity.  See Osbourn v. State,
92 S.W.3d 531, 539 (Tex. Crim. App. 2002). 














Here, Markham testified that she had experience
directly supervising probationers and five and one-half years of service as a
probation officer.  Merito cites Hardin
v. State, 20 S.W.3d 84 (Tex. App.CTexarkana
2000, pet. ref=d), for the proposition that
Markham=s
experience was insufficient to render her an expert.  In Hardin, the witness in question had
been a probation officer for twelve years, personally supervised sex offenders
out on probation, conducted studies of recidivism rates of sex offenders,
received a bachelor=s degree in psychology and
sociology, received forty hours per year of training in the subject of sexual
deviancy, and testified as an expert over 400 times before.  Id. at 91.  While Markham=s
qualifications, experience, and training are less than the unquestionably
qualified witness=s in Hardin, we cannot
conclude that her qualifications were so minute that her qualification as an
expert was beyond the zone of reasonable disagreement.  See Moses, 105 S.W.3d at 627.     To
the contrary, the record demonstrates that, based on Markham=s
experience in the probation field, the trial court could have reasonably
concluded that she was qualified to testify as an expert on the best method of
treatment for sex offenders.  See
Hernandez v. State, 53 S.W.3d 742, 751 (Tex. App.CHouston
[1st Dist.] 2001, pet. ref=d)
(stating that experience alone may provide a sufficient basis for an expert=s
testimony).  We therefore hold that the
trial court did not abuse its discretion in allowing Markham to testify as an
expert regarding the best avenue of treatment for sex offenders.  See Ellison, 201 S.W.3d at 723;
Wyatt, 23 S.W.3d at 27-28.  We
overrule Merito=s second issue on appeal.

IV.  Conclusion

Because Merito forfeited his first issue by
failing to continuously object, request a running objection, or request a
hearing outside the presence of the jury for the allegedly inadmissible CPS
investigation testimony, and because the trial court did not abuse its
discretion by admitting Markham=s
testimony, assuming this issue was preserved for appeal, we overrule Merito=s two
issues on appeal.  Having overruled both
issues, we affirm the trial court=s
judgment.

 

 

SUE
WALKER

JUSTICE

 

 

PANEL A: CAYCE, C.J.; WALKER and MCCOY, JJ.

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: February 1, 2007











[1]See Tex. R. App. P. 47.4.





[2]We recognize that counsel
is often faced with a difficult choice of whether, at the risk of alienating
the jury, to continue to object, See, e.g., Ethington v. State, 819
S.W.2d 854, 858-59 (Tex. Crim. App. 1991).