COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-050-CR

NO. 2-06-051-CR

RALPH MICHAEL MERITO APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Ralph Michael Merito pleaded guilty to three counts of indecency with a child by contact.  A jury assessed his punishment at twenty years’ confinement on one count and ten years’ confinement on each of the two remaining counts.  The trial court ordered that the two ten-year sentences run concurrently, beginning only upon completion of the twenty-year sentence.  In two issues, Merito contends that the trial court erred by admitting punishment evidence concerning a prior unrelated Child Protective Services (“CPS”) investigation and testimony from a probation officer who he alleges was not qualified as an expert.  Because Merito forfeited his first issue, and because the trial court did not abuse its discretion by admitting the probation officer’s testimony, assuming that issue was preserved for appeal, we will affirm.

II.  Factual and Procedural History

The Tarrant County grand jury returned two indictments against Merito.  The first indictment charged Merito with two counts of aggravated sexual assault of a child, V.M., and two counts of indecency with V.M. by contact.   The second indictment charged Merito with one count of aggravated sexual assault of a child, S.M., and two counts of indecency with S.M. by contact.  Both of the victims were Merito’s younger female cousins.  In exchange for Merito’s guilty plea, the State waived three counts of aggravated sexual assault  and one count of indecency with a child and proceeded on the three remaining counts of indecency with a child by contact.  Merito pleaded guilty to all three indecency counts, and the combined trial on both indictments proceeded to the punishment phase. 

At the punishment phase, the jury heard testimony from Merito, the two victims, another female cousin of Merito named C.M., a probation officer, and others.  The State, during its cross-examination of both Merito and C.M.,  inquired about a prior unrelated CPS investigation regarding alleged abuse by Merito.  Merito lodged an objection to the State’s initial question about the investigation, and the court overruled it.  But Merito did not reassert his objection or obtain a running objection to the State’s subsequent questions regarding the investigation.
(footnote: 2)  

At the end of the punishment phase, Merito called probation officer Deana Markham as a rebuttal witness.  The State, during its cross-examination of Markham, asked whether it was better for a sex offender to receive treatment in prison or on probation.  Merito immediately objected, but not to Markham’s qualification as an expert authorized to give such an answer.  Only after the jury heard Markham’s answers and after the State posed another question did Merito object to Markham’s “lack of expertise.”  After hearing all the evidence and judging the credibility of the witnesses, the jury assessed Merito’s punishment at twenty years’ confinement on one count and ten years’ confinement on each of the two remaining counts.  The judge ordered that Merito serve the twenty-year sentence first, followed by the two ten-year sentences to be served concurrently.  Merito timely filed his notice of appeal.

III.  Admission of Evidence

In two issues, Merito contends that the trial court erred by admitting evidence of the prior unrelated CPS investigation and testimony from an allegedly unqualified expert witness.

A.  Preserving a Complaint for Review

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  
But a
n objection preserves only the specific ground cited.  
Tex. R. App. P.
 33.1(a)(1)(A); 
Mosley
, 983 S.W.2d at 265; 
Bell v. State
, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 827 (1997); 
see also Fierro v. State
, 706 S.W.2d 310, 317-18 (Tex. Crim. App. 1986) (holding that general objection is insufficient to apprise trial court of complaint urged and thus preserves nothing for review), 
cert. denied
, 521 U.S. 1122 (1997).  
A motion in limine will not, by itself, preserve a complaint for appellate review.
  
See Martinez v. State
, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003).

A timely objection is one that normally precedes the objectionable testimony.
  Polk v. State
, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987)
.  But an objection made after the witness has answered may be sufficient to preserve error if there was a good reason for not objecting earlier.  
See Dinkins v. State
, 894 S.W.2d 330, 355 (Tex. Crim. App.), 
cert. denied
, 516 U.S. 832 (1995); 
see also Girndt v. State
, 623 S.W.2d 930, 934-35 (Tex. Crim. App. [Panel Op.] 1981) (noting that lateness may be excused if witness answers question before attorney can object or a showing is made that counsel misunderstood the question when asked).

An initial objection does not, however, relieve a party’s responsibility in preserving complaints for appellate review.  
Texas law is clear in its requirement that a party must continuously object each time inadmissible evidence is offered, with two exceptions.  
See Martinez
, 98 S.W.3d at 193; 
Ethington
, 819 S.W.2d at 858.  A party need not continuously object where it either obtains a running objection or requests a hearing outside the presence of the jury.  
See Martinez
, 98 S.W.3d at 193.  But one objection, without a requested running objection or a hearing outside the presence of the jury, is insufficient to preserve an issue for appellate review where further evidence on the same subject comes in without objection.  
See id.
; 
Montgomery v. State
, 198 S.W.3d 67, 81 (Tex. App.—Fort Worth 2006, pet. ref’d).  

B.  The Prior Unrelated CPS Investigation

In his first issue, Merito contends that the trial court erred by admitting the testimony about the prior unrelated CPS investigation over his objections that it was irrelevant and an extraneous offense, and that the prejudicial nature of the questioning outweighed any probative value.  The State argues that Merito failed to preserve this alleged error for appellate review because he failed to object to the State’s subsequent questions concerning the investigation.

The jury heard the disputed testimony at the punishment phase.  The testimony involved a prior CPS investigation of Merito’s ten-year-old cousin, C.M.  The State asked Merito on cross-examination whether he had been involved with this type of investigation before.  Merito’s counsel raised immediate objections to the question, which the trial court overruled.  But in the very next question, and several times thereafter while cross-examining Merito and C.M., the State continued to inquire about the prior unrelated CPS investigation.

After the trial court overruled Merito’s objections, a request for running objections or a hearing on the issue outside the presence of the jury would have preserved this alleged error for review by this court.  
See Martinez
, 98 S.W.3d at 193.  The absence of these requests and the lack of continuous objections to the State’s subsequent inquiries about the prior unrelated investigation, however, forfeit the issue on appeal.  
See id.
; 
Montgomery
, 198 S.W.3d at 81.  Accordingly, we overrule Merito’s first issue.

C.  Probation Officer’s Testimony on Treatment

In his second issue, Merito contends that the trial court erred by admitting certain testimony from probation officer Deana Markham, whom Merito argues was not properly qualified as an expert.  The State argues that Merito failed to preserve this issue for appellate review and that, even if he did preserve the issue for review, probation officers may testify to an offender’s suitability for probation in light of 
Ellison v. State
, 201 S.W.3d 714, 722-23 (Tex. Crim. App. 2006)
.  

At trial, Merito called Tarrant County probation officer Deana Markham as a rebuttal witness.  Markham testified that she had five and one-half years of service as a probation officer for Tarrant County.  She testified that she is familiar with the typical terms and conditions of probation and has supervised numerous people on probation.  On cross-examination, the State elicited testimony regarding Merito’s suitability for probation as follows:

Q: Ms. Markham, are you aware that they have treatment in prison?

A: Yes, they do.

Q: If you had a choice between probation and prison, what is the best way to ensure somebody gets treatment while denying access to children.

[MERITO’S COUNSEL]:  Judge, I object.  First off, it is not relevant and invades the province of the jury.

THE COURT:  Overruled.

THE WITNESS:  I think in order for someone to do treatment and have the best results they should be away from what they are addicted to, which would mean typically some type of inpatient treatment.

Q: If an individual does not believe that they have a problem, treatment is –

[MERITO’S COUNSEL]:  Objection.  Speculation, lack of expertise.

THE COURT: Overruled.  

A: Typically not.

Merito contends that the trial court erred by admitting this testimony because Markham provided expert testimony that she was not qualified to give.  

1.  Delinquent Objection

Merito’s trial objections to the question regarding the best place for treatment were on grounds of relevance and invading the province of the jury. 
 On appeal, however, Merito complains that Markham’s subsequent answer to that question was inadmissible because Markham was not qualified as an expert.  Because Merito failed to object to Markham’s expertise or lack thereof with regard to this question, the trial court did not have an opportunity to assess this complaint, and Merito’s objections to the complained-of question and answer preserved only the asserted complaints—relevance and invading the province of the jury.  
S
ee 
Tex. R. App. P.
 33.1(a)(1)(A); 
Mosley
, 983 S.W.2d at 265
.  Merito does not advance these complaints on appeal.

Merito did, however, object to Markham’s lack of expertise after the next question.  But an objection made after the witness answers does not preserve error for appellate review unless there is good reason for the late objection.  
See 
Dinkins
, 894 S.W.2d at 355.
  Our examination of the record reveals no reason for the late objection to Markham’s lack of expertise, nor does the record indicate that Markham answered the question before an objection was possible.  
See Girndt
, 623 S.W.2d at 934-35.  

2.  Trial Court’s Discretion

Notwithstanding any preservation issues, the record reflects no abuse of discretion by the trial court in admitting Markham’s testimony.  The admissibility of evidence is within the discretion of the trial court and will not be overturned absent an abuse of discretion.  
Moses v. State
, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003); 
Soto v. State
, 156 S.W.3d 131, 134 (Tex. App.—Fort Worth 2005, pet. ref’d).  That is to say, as long as the trial court’s ruling was within the zone of reasonable disagreement, the appellate court should affirm. 
 Moses, 
105 S.W.3d at 627; 
see also Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g); 
Karnes v. State
, 127 S.W.3d 184, 189 (Tex. App.—Fort Worth 2003, no pet.). 

Rule 702 states, “If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.”  
Tex. R. Evid.
 702.  
The question of whether a witness offered as an expert possesses the required qualifications rests largely in the trial court’s discretion.  
Wyatt v. State
, 23 S.W.3d 18, 27 (Tex. Crim. App. 2000)
.  No rigid formula exists for determining whether a particular witness is qualified to testify as an expert.  
Harnett v. State
, 38 S.W.3d 650, 658 (Tex. App.—Austin 2000, pet. ref’d).  But the Court of Criminal Appeals has held that a witness may qualify as an expert based upon her superior experiential capacity.  
See 
Osbourn v. State
, 92 S.W.3d 531, 539 (Tex. Crim. App. 2002).  

Here, Markham testified that she had experience directly supervising probationers and five and one-half years of service as a probation officer.  
Merito cites 
Hardin v. State
, 20 S.W.3d 84 (Tex. App.—Texarkana 2000, pet. ref’d), for the proposition 
that Markham’s experience was insufficient to render her an expert.  In 
Hardin
, the witness in question had been a probation officer for twelve years, personally supervised sex offenders out on probation, conducted studies of recidivism rates of sex offenders, received a bachelor’s degree in psychology and sociology, received forty hours per year of training in the subject of sexual deviancy, and testified as an expert over 400 times before.  
Id.
 at 91.  While Markham’s qualifications, experience, and training are less than the unquestionably qualified witness’s in 
Hardin
, we cannot conclude that her qualifications were so minute that her qualification as an expert was beyond the zone of reasonable disagreement.  
See 
Moses, 
105 S.W.3d at 627.  
 To the contrary, the record demonstrates that, based on Markham’s experience in the probation field, the trial court could have reasonably concluded that she was qualified to testify as an expert on the best method of treatment for sex offenders.  
See Hernandez v. State
, 53 S.W.3d 742, 751 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d) (stating that experience alone may provide a sufficient basis for an expert’s testimony). 
 We therefore hold that the trial court did not abuse its discretion in allowing Markham to testify as an expert regarding the best avenue of treatment for sex offenders.  
See Ellison
, 201 S.W.3d at 723;
 Wyatt
, 23 S.W.3d at 27-28.  We 
overrule Merito’s second issue on appeal.

IV.  Conclusion

Because Merito forfeited his first issue by failing to continuously object, request a running objection, or request a hearing outside the presence of the jury for the allegedly inadmissible CPS investigation testimony, and because the trial court did not abuse its discretion by admitting Markham’s testimony, assuming this issue was preserved for appeal, we overrule Merito’s two issues on appeal.  Having overruled both issues, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL A: CAYCE, C.J.; WALKER and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: February 1, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
We recognize that counsel is often faced with a difficult choice of whether, at the risk of alienating the jury, to continue to object, 
See, e.g., Ethington v. State
, 819 S.W.2d 854, 858-59 (Tex. Crim. App. 1991).